UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN S. BRAUNSTEIN, | |
| Petitioner, | 3:11-cv-00587-LRH-WGC |
| vs. | **ORDER** |
| JAMES COX, *et al.*, | |
| Respondents. | |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Based on the information concerning petitioner's financial status, the court finds that the motion to proceed *in forma pauperis* should be granted. Petitioner shall not be required to pay the filing fee for his habeas corpus petition. The petition (ECF Nos. 1-1, 1-2) will be ordered filed and docketed.

**I. Motions for Discovery**

Petitioner moves to for leave to file discovery, requests the production of documents, and requests answers to interrogatories. (ECF Nos. 1-3, 1-4, 1-5.)

In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing Section 2254 Cases. Rule 6 provides that discovery in habeas corpus actions may be invoked only after obtaining leave of court and upon a showing of good cause. Rule 6(a) states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) states: "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and

must specify any requested documents." Rule 6, Rules Governing Section 2254 Cases. "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (citations omitted). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant. Rather, discovery is available only in the discretion of the court and for good cause shown . . . ." *Rich v. Calderon*, 187 F.3d at 1068 (citing *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997) and Rule 6(a) of the Rules Governing Section 2254 Cases). Good cause to conduct discovery in a habeas action is based on several factors: (1) the request must be grounded on specific and demonstrable facts; (2) the request must establish a logical and direct nexus between the discovery sought and the claims pending before the court; (3) there must be real and factual evidence that the petitioner can point to in order to establish that the claims in the petition have a basis in fact and are more than mere speculation; and (4) the discovery request must be narrowly tailored to obtain specific and identifiable items. *Bracy v. Gramley*, 520 U.S. at 905-909.

Here, at this early stage of the case, the limited record before the court is insufficient to enable it to determine that good cause supports petitioner's discovery requests. Accordingly, the court denies petitioner's motions as premature.

**II. Motion for Bail**

The Ninth Circuit has not yet decided whether a district court has the authority to grant bail pending a decision on a habeas corpus petition. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001). Every circuit that has actually decided this issue, however, has held that district courts do, in fact, possess such discretionary authority. *Hall v. San Francisco Superior Court*, 2010 U.S. Dist. LEXIS 33030, 2010 WL 890044, at *2 (N.D. Cal. March 8, 2010) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and District of Columbia Circuit Courts of Appeal). The bail standard for an incarcerated person seeking collateral review is markedly different from the standard applied to a pretrial detainee because an incarcerated habeas corpus petitioner requesting post-conviction relief has already been convicted, and thus, he is no longer presumed innocent. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). The court's discretion in granting bail pending a decision on a habeas corpus petition is to be "exercised very sparingly." *Cherek v. United*

*States*, 767 F.2d 335, 337 (7th Cir. 1985).

To obtain such relief, the petitioner must demonstrate: (1) that the claim raises a substantial question and there is a high probability of success on the merits; and (2) the case is extraordinary involving special circumstances. *In re Roe*, 257 F.3d at 1080. Exceptional circumstances may exist and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir. 1955) (Hastie, J., concurring); (2) there is an extraordinary delay in the processing of a petition, *Glynn*, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken, *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In this case, after reviewing the petition and the moving papers, the court concludes that petitioner fails to show that the merits of his claims are so strong as to indicate a high probability of his success. Additionally, petitioner fails to show that exceptional circumstances exist that require his immediate release pending disposition of his habeas petition.

**III. Motion for Expedited Review (ECF No. 3) and Motion for Screening Order (ECF No. 5)**

Petitioner moves the court for expedited review of his habeas corpus petition. The court denies this motion. The court will address the petition in due course.

Petitioner also moves the court for a screening order. The court has conducted its preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases and concludes that the petition should be served on respondents. Thus, petitioner's motion is denied.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motions for discovery (ECF Nos. 1-3, 1-4, 1-5) are **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that petitioner's motion for bail (ECF No. 1-6), petitioner's motion for expedited review (ECF No. 3), and petitioner's motion for screening order (ECF No. 5) are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (ECF Nos. 1-1, 1-2) upon the respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any statement of additional claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED this 27th day of December, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE