UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN S. BRAUNSTEIN, | ) | |
| Petitioner, | ) | 3:11-cv-00587-LRH-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| JAMES COX, *et al.*, | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* The court has determined that the current record is insufficient for it to rule on respondents' motion to dismiss. Accordingly, the court orders respondents to file a supplemental exhibit to their motion to dismiss containing: (1) the first amended petition for writ of habeas corpus filed by petitioner on September 2, 2010, in the Eighth Judicial District Court for the State of Nevada in case number 99C159515 and all associated documents; and (2) the notice of appeal from the district court's denial of the first amended petition filed in the Nevada Supreme Court in case number 57332 and all associated documents. Respondents shall file the supplemental exhibit **within ten (10) days** of the date of this order.

The court notes that respondents elected to support their motion to dismiss with two meager exhibits and chose to rely on the incomplete state-court record provided by petitioner in support of their procedural default argument. Such lackadaisical litigation practices are unacceptable. The court cautions respondents that their failure to provide a complete record of state proceedings in support of their motions to dismiss will not be tolerated in the future. *See Bennett v. Mueller*, 322 F.3d 573, 585

(9th Cir. 2003) (concluding that because state-court procedural default is an affirmative defense, "the state must plead, and it follows, *prove* the default.") (emphasis added).

**IT IS SO ORDERED.**

DATED this 3rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE