# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN S. BRAUNSTEIN, | ) |
| Petitioner, | ) 3:11-cv-00587-LRH-WGC |
| vs. | ) |
| | ) **ORDER** |
| JAMES COX, *et al.*, | ) |
| Respondents. | ) |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court are petitioner's motion for the appointment of counsel (ECF No. 6) and respondents' motion to dismiss. (ECF No. 12.) Petitioner has opposed the motion to dismiss (ECF No. 15), and respondents have replied (ECF No. 19.)

**I.    Procedural History and Background**

Petitioner, Steven Braunstein, was convicted in the Eighth Judicial District Court for the State of Nevada ("District Court") of two counts of sexual assault with a minor under fourteen years of age. (Case No. 2:07-cv-00014-RLH-GWF, ECF No. 64 Ex. 1.)[1] The District Court sentenced petitioner to two terms of life imprisonment with parole eligibility after twenty years.  (*Id*.) The District Court issued its judgment of conviction on March 17, 2000. (*Id*.) Petitioner appealed. (*Id*. Ex. 6.) On February 13, 2002, the Nevada Supreme Court affirmed petitioner's convictions. (*Id*. Ex. 8.)

---

[1] The court may take judicial notice of court records. *See United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir.1980) (stating that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in another case).  The court hereby takes judicial notice of the records in case 2:07-cv-00014-RLH-GWF.

Petitioner then filed a post-conviction petition in state District Court. (*Id*. Ex. 7-11.) The District court denied post-conviction relief, and petitioner appealed. (*Id*. Ex. 12.) On December 5, 2006, the Nevada Supreme Court affirmed the District Court's denial of post-conviction relief. (*Id*. Ex. 13.)

Petitioner dispatched his first petition for writ of habeas corpus to this court on January 17, 2007. (*Id*. ECF No. 14.) On July 9, 2010, the court denied the petition. (*Id*. ECF No. 115.)

On August 12, 2010, the state District Court issued an amended judgment of conviction to include forty days of credit for time served not included in the original judgment of conviction. (ECF No. 10 at 56-57.) Petitioner then filed a second post-conviction petition in District Court. (*Id*. at 59-67.) The District Court denied post-conviction relief, and petitioner appealed. (*Id*. at 68-74.) On June 8, 2011, the Nevada Supreme Court affirmed the District Court's denial of post-conviction relief. (*Id*. at 83-86.)

Petitioner dispatched his second petition for writ of habeas corpus to this court on August 3, 2011. (*Id*. at 1.) Respondents move to dismiss the petition arguing that it is successive, untimely, and procedurally defaulted. The court addresses each argument in turn.[2]

**II.   Motion for the Appointment of Counsel**

Petitioner moves for the appointment of counsel. (ECF No. 6.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v.*

---

[2] Petitioner contends that respondents' motion to dismiss is not properly before the court because respondents were ordered not to file a "successive motion to dismiss." Petitioner is incorrect. This court authorized respondents to file an answer or "other response" to the petition. (ECF No. 12.) In the Ninth Circuit, the filing of a motion to dismiss is expressly authorized by Habeas Rule 4. Habeas Rule 4 Advisory Committee Notes, 1976 Adoption and 2004 Amendments; *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989). Additionally, respondents' motion to dismiss is not "successive" because it is their first motion to dismiss in this case. Thus, the court denies petitioner's motion to strike the motion to dismiss (ECF No. 16) and his motion to strike the reply (ECF No. 23).

*Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Additionally, petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion. Therefore, it does not appear that counsel is justified in this case.

### III.  Successive Petition

Respondents argue that the petition is a successive petition because it concerns the same judgment of conviction that petitioner's first federal petition addressed. According to respondents, the amended judgment of conviction issued by the state District Court in 2010 is of no moment because petitioner is clearly challenging his original trial and conviction from 2000.

In a recent case, the Ninth Circuit Court of Appeals squarely rejected respondents' argument advanced here. In *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012), the Ninth Circuit held that "the latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" (quoting *Magwood v. Patterson*, 130 S. Ct. 2788, 2801 (2010)). The Ninth Circuit adopted the reasoning from the Second Circuit Court of Appeals in concluding that "'where a first habeas petition results in an amended judgment, a subsequent petition is not successive,' even if its claims could have been raised in a prior petition or the petitioner 'effectively challenges an unamended component of the judgment.'" (*Id.*) (quoting *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010)). The Ninth Circuit noted that the United States Supreme Court's discussion in *Magwood v. Patterson*, 130 S. Ct. 2788, 2801 (2010), "indicates that procedural default rules — rather than the rules governing 'second or successive; petitions — are the more appropriate tools for sorting out new claims from the old." *Id.*

In this case, an amended judgment of conviction was issued by the state District Court on August 12, 2010, after this court denied petitioner's first petition for writ of habeas corpus on July 9, 2010. Petitioner dispatched his second petition for writ of habeas corpus to this court on August 3, 2011. Thus, because there is a new judgment intervening between petitioner's two federal habeas petitions, his instant petition is not "second or successive." Accordingly, respondents' motion to dismiss the petition as successive is denied.

///

///

3

**IV.   Statute of Limitations**

Respondents argue that the petition is untimely because the statue of limitations expired more than four years ago.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under the provision applicable to this case, 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The statute of limitations does not begin to run until both the judgment and sentence are final. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). In this case, the District Court issued an amended judgment of conviction on August 12, 2010, to include forty days of credit for time served not included in the original judgment of conviction. Thus, petitioner's judgment and sentence did not become final until August 12, 2010. In Nevada, a notice of appeal in a criminal case must be filed within thirty days after the entry of judgment or order being appealed. Nev. R. App. P. 4(b)(1).

4

Petitioner did not appeal from the amended judgment of conviction, and thus, the statute of limitations began to run after the time for appeal expired—September 13, 2010. Petitioner had until September 13, 2011, to file his federal habeas petition, unless time was otherwise tolled by federal statute. As discussed above, petitioner dispatched his instant federal habeas petition to this court on August 3, 2011. Pursuant to the "prison mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, the petition is timely filed. Accordingly, the court denies respondents' motion to dismiss the petition as untimely.

## V.  Procedural Default

Respondents contend that the claims petitioner raises in his instant petition are procedurally defaulted. Respondents argue that the Nevada Supreme Court held that these grounds were barred by Nev. Rev. Stat. §§ 34.810(b) and 34.810(3).

Petitioner argues that because he can show cause and prejudice and because he is actually innocent, the court should reach the merits of his claims.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

///

5

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Here, petitioner concedes in his federal petition that he raised all grounds in his 2010 post-conviction proceedings in District Court. (*See* ECF No. 10.) After the District Court denied post-conviction relief, petitioner appealed to the Nevada Supreme Court. (ECF No. 35, Ex. 2, Ex. 6.) In affirming the District Court's denial of post-conviction relief, the Nevada Supreme Court held that petitioner's September 2, 2010 petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810(2). (ECF No. 10 at 83-84.) The Nevada Supreme Court concluded that petitioner failed to demonstrate good cause or prejudice and that the District Court did not err in denying post-conviction relief. (*Id.*) The Nevada Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to review the claims in the post-conviction petition. (*Id.*). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang*

*v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, this court finds that the Nevada Supreme Court's holding that the September 2, 2010 state post-conviction petition is procedurally barred under Nev. Rev. Stat. § 34.810(2) was an independent and adequate ground for the court's dismissal.

As discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

First, petitioner contends that the legal basis for one of his claims was unavailable until a recent decision from the Nevada Supreme Court, *Davidson v. State*, 192 P.3d 1185 (Nev. 2008), which constitutes "cause" to overcome procedural default. A petitioner may establish cause by showing that the legal basis for the claims was not reasonably available at the time of the default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "[A] rule is 'novel,' and therefore cause for a procedural default, only if the petitioner did not have the legal tools to construct the claim before the rule was issued." *Waldrop v. Jones*, 77 F.3d 1308, 1315 (11th Cir. 1996) (citing *Dugger v. Adams*, 489 U.S. 401, 409-10 (1989)); *see also Villafuerte v. Stewart*, 111 F.3d 616, 629 (9th Cir. 1997). The existence of published decisions that discuss the issue, or similar issues, demonstrate that a claim was not "novel" at the time of default. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In this case, petitioner claims that the holding from *Davidson*—that the Double Jeopardy Clause prohibits a trial court from changing the jury's verdict after the jury has been discharged—was not reasonably available until *Davidson* was decided in 2008, and thus, was not available for him to raise on direct appeal in 2000. The court rejects petitioner's argument. In *Davidson*, the Nevada Supreme Court relied on *Burchett v. Commonwealth*, 734 S.W.2d 818 (Ky. Ct. App. 1987) to reach its holding. In *Burchett*, the court concluded that "[a]lthough a trial court has the authority before accepting a verdict and before discharging a jury to send it back to correct a mistake in its verdict, it is axiomatic that an ambiguous or incorrect verdict must be corrected prior to the time the jury is discharged." *Burchett*, 734 S.W. 2d. at 820. The logical inference from *Burchett* is that an ambiguous or incorrect verdict that is corrected after the jury is discharged is problematic. Moreover, the Nevada Supreme Court in *Davidson*

also relied on *United States v. Stauffer*, 922 F.2d 508 (9th Cir. 1990). In *Stauffer*, the defendant argued that the trial court's correction of the verdict, by switching it from acquittal to guilty, after the jury was discharged violated the Double Jeopardy Clause. *Stauffer*, 922 F.2d at 513. The Ninth Circuit concluded that "[the trial court] did not alter the jury's verdict itself; it simply corrected the verdict form to reflect the jury's true intent," and therefore, the trial court's actions did not violate the Double Jeopardy Clause. *Id*. at 514.

At petitioner's trial, the jury returned guilty verdicts on both sexual assault counts and on two lesser included counts of lewdness with a minor under the age of fourteen. (Case No. 2:07-cv-00014-RLH-GWF, ECF No. 106, Ex. K.) After the jury had been excused, the trial judge struck the convictions for two counts of lewdnesss. (*Id*.) Petitioner's underlying defaulted claim in this court is that the trial judge violated the Double Jeopardy Clause when she struck the lewdness convictions after the jury had been discharged. Petitioner's argument is similar to the argument advanced in *Stauffer* and can be logically inferred from *Burchett*. Both decisions pre-date the time at which petitioner defaulted his claim—on direct appeal in 2000. Thus, the court concludes that petitioner fails to establish "cause" because the legal basis of his claim was not "novel," but rather, was reasonably available at the time of default.

Second, petitioner argues that the court's failure to consider the grounds in his petition will result in a fundamental miscarriage of justice. A petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

8

Petitioner contends that medical evidence from Dr. Lawrence Ricci undermines his convictions for sexual assault. According to petitioner, Dr. Ricci's expert medical opinion contradicts the expert testimony provided by Nurse Phyllis Suitor at trial with respect to the condition of the victim's hymen and whether it indicates that the victim was sexually assaulted. Petitioner argues that if the jury had been presented with Dr. Ricci's opinion at trial, no reasonable juror would have convicted him.

The court concludes that when viewed along with the other evidence in the record, Dr. Ricci's expert medical opinion fails to meet *Schlup*'s exacting standard. Petitioner's convictions are supported by more than physical evidence and the testimony of Nurse Suitor. Specifically, the state presented testimony from the victim, a school counselor, the victim's mother, and the victim's cousin. (Case No. 2:07-cv-00014-RLH-GWF, ECF Nos. 104-3, 105-2, 105-3, 105-4.) Furthermore, in providing his expert medical opinion, Dr. Ricci notes that his findings "do[] not rule out sexual abuse." *See Albrecht v. Horn*, 485 F.3d 103, 126 (3d Cir. 2007) (holding that the *Schlup* standard not satisfied where ample evidence of guilt has not been discredited despite new expert opinion that conflicts with expert opinion provided at trial). In sum, petitioner fails to show that Dr. Ricci's opinion is so strong as to undermine the result reached at trial because other ample evidence of his guilt exits. Accordingly, the court declines to address the merits petitioner's procedurally defaulted claims and dismisses all claims in the petition as procedurally defaulted.

**VI. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner,

with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**VII. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike the motion to dismiss (ECF No. 16) and motion to strike the reply (ECF No. 23) are **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED in part and DENIED in part.** The petition (ECF No. 10) is **DISMISSED** on the ground that all claims are procedurally defaulted.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 21st day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE