# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRAUNSTEIN,

    Petitioner,

vs.

JAMES COX, *et al.*,

    Respondents.

Case No. 3:11-cv-00587-LRH-WGC

**ORDER**

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court are several post-judgment motions filed by petitioner.

By order filed August 22, 2012, this Court granted respondents' motion to dismiss petitioner's federal habeas corpus petition. (ECF No. 37). The petition was dismissed with prejudice on the ground that all claims were procedurally defaulted. (*Id.*). This Court denied petitioner a certificate of appealability. (*Id.*). Judgment was entered on August 22, 2012. (ECF No. 38). Petitioner appealed this Court's order and judgment. (ECF No. 39). On October 3, 2012, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability and dismissed the appeal. (ECF No. 43). Petitioner filed a petition for a writ of certiorari, and on January 22, 2013, the United States Supreme Court denied the petition. (ECF No. 46).

///
///
///

On October 1, 2015, petitioner filed in this Court a "motion for leave and reconsideration" (ECF No. 47) and a "motion for relief from order" (ECF No. 48). The "motion for relief from order" is written on a form habeas petition and appears to be a petition. (ECF No. 48). Respondents opposed petitioner's motions. (ECF No. 49).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

The plain language of Rule 60(b)(6), the Rule's "catch-all provision," provides for relief from a final order for "any justifiable reason." However, courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances." *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (habeas petitioner must demonstrate both an injury and circumstances beyond his control prevent him from proceeding with his claim). Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would result if the relief sought is not granted. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3rd Cir. 2008). Additionally, courts ordinarily will only grant relief if the moving party is not at fault and did not cause the extraordinary circumstances to come into being. *Id.*; *Gonzalez*, 545 U.S. at 535-36. Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal*, 610 F.3d at 524.

A "habeas petitioner may move for relief from the denial of habeas under Rule 60(b) so long as the motion is not the equivalent of a successive petition." *Harvest v. Castro*, 531 F.3d at 745

1  (citing *Gonzales v. Crosby*, 545 U.S. at 535-36). In applying Rule 60(b)(6) to habeas petitions, the
2  Ninth Circuit has considered six factors in exercising that discretion: (1) a showing of extraordinary
3  circumstances, such as a change in intervening law; (2) petitioner's exercise of diligence in pursuing
4  the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of
5  the judgment and the motion for Rule 60(b) relief; (5) the degree of connection between the
6  extraordinary circumstances and the decision for which reconsideration is sought; and (6) comity
7  between the state and federal courts. *Phelps v. Alameida*, 569 F.3d 1120, 1135-40 (9th Cir. 2009).

8  Here, the federal petition was dismissed with prejudice as procedurally barred. (ECF No.
9  37). Petitioner's "motion for relief from order" (ECF No. 48) is merely a successive petition
10 raising habeas claims. Petitioner's concurrent filing of a "motion for leave and reconsideration"
11 (ECF No. 47) is a one-page document that does nothing to explain a basis for reconsideration of this
12 Court's order dismissing the petition as procedurally barred.

13 Moreover, none of the Rule 60(b)(6) factors weigh in favor of reconsidering the Court's
14 order dismissing the petition. There has not been an intervening change in the law. Petitioner has
15 not exercised diligence in bringing his Rule 60(b) motion almost three years after his petition was
16 dismissed. The State has an interest in the finality of judgments. Comity between the state and
17 federal courts would not be advanced by this Court reconsidering its previous dismissal of this
18 action. Petitioner has not shown extraordinary circumstances justifying reconsideration of the order
19 dismissing the petition with prejudice. Petitioner's motions for reconsideration (ECF Nos. 47 & 48)
20 are denied.

21 Petitioner filed a "motion for declaratory order" on October 30, 2015. (ECF No. 51).
22 Respondents opposed petitioner's motion. (ECF No. 52). Petitioner's motion does not argue for
23 any specific declaratory relief. Petitioner appears to allege that the Court failed to take into account
24 his other federal habeas case, 2:07-cv-00014-RLH-GWF, which was denied on the merits by order
25 filed July 6, 2010. (ECF No. 115 in 2:07-cv-00014-RLH-GWF). The record in the instant case
26 indicates that this Court was aware of petitioner's habeas petition in case 2:07-cv-00014-RLH-
27 GWF. (*See* Order, at ECF No. 37, at p. 1, n.1). Nothing in petitioner's motion for declaratory order
28 causes this Court to disturb the decision in the instant case. Moreover, the Court agrees with

respondents' assertion that petitioner's motion is frivolous.  Petitioner's motion for a declaratory order is denied.

On November 12, 2015, petitioner filed a "motion to recall mandate of August 22, 2012." (ECF No. 53).  Petitioner apparently refers to this Court's order of August 22, 2012, and judgment dismissing the petition with prejudice.  (ECF Nos. 37 & 38).  Petitioner appears to state that this Court lacked jurisdiction to rule on his federal habeas petition, an argument that is wholly frivolous. Petitioner's "motion to recall mandate of August 22, 2012" is denied.

Petitioner filed a motion for a protective order on November 18, 2015.  (ECF No. 55). Petitioner appears to seek a protective order against the Deputy Attorney General representing respondents in this action.  Petitioner's motion lacks merit and is denied.

On December 2, 2015, petitioner filed a motion for an evidentiary hearing.  (ECF No. 57). Respondents opposed petitioner's motion.  (ECF No. 58).  Petitioner fails to explain the nature of the evidence he seeks to explore, what the facts may be, or what witnesses might be called to establish such facts.  Petitioner's motion for an evidentiary hearing has no merit and is denied.

On December 31, 2015, petitioner filed a "motion to strike Doc 58 for non-service on petitioner." (ECF No. 59).  Document 58 on the docket is respondents' opposition to petitioner's motion for an evidentiary hearing. (ECF No. 58).  Petitioner contends that respondents failed to serve petitioner with this document at his address at High Desert State Prison.  Attached to respondents' opposition to petitioner's motion for an evidentiary hearing is a certificate of service indicating the document was served by mail on petitioner at his address of record at High Desert State Prison.  (ECF No. 58, at p. 3).  Petitioner's motion to strike respondents' opposition is denied as meritless.

Petitioner filed a similar "motion to strike Doc 61 for lack of service on petitioner" on January 27, 2016.  (ECF No. 62).  On February 1, 2016, petitioner filed a motion to strike Document 61 as untimely. (ECF No. 64).  Document 61 on the docket is respondents' opposition to petitioner's December 31, 2015 motion to strike.  The certificate of service attached to respondents' opposition indicates that the document was served on petitioner at his address of record, at High

Desert State Prison. (ECF No. 61, at p. 3). The opposition was not untimely filed. Petitioner's motions to strike Document 61 are denied.

On January 29, 2016, petitioner filed a "motion for matter to be put on calendar." (ECF No. 63). On July 5, 2016, petitioner filed a motion to reopen his case and a request for calendaring. (ECF No. 65). Also on July 5, 2016, petitioner filed a document entitled " second request to reopen," which was filed on a federal habeas form petition. (ECF No. 66). Respondents filed an opposition to petitioner's second motion to reopen his case. (ECF No. 67). Petitioner filed a motion for an extension of time to reply to the opposition. (ECF No. 68). Petitioner filed a reply on August 1, 2016. Petitioner's motion for an extension of time to file an opposition is granted, *nunc pro tunc*, to the extent that the Court has considered all papers submitted. Petitioner's motion for matter to be put on calendar, second motion to reopen his case, and request for calendaring are all denied as meritless and frivolous.

On August 1, 2016, petitioner filed a motion to file his presentence report under seal. (ECF No. 69). Petitioner's motion is denied, as the Court never directed petitioner to file his presentence report. To the extent that petitioner believes the presentence report is relevant to any of his other meritless motions, the motion to file under seal is denied.

Also on August 1, 2016, petitioner filed a motion for an evidentiary hearing. (ECF No. 70). Petitioner presents no valid argument for reopening his case or for reconsideration of this Court's order dismissing the petition as procedurally barred. Petitioner's motion for an evidentiary hearing is denied.

Most recently, on March 14, 2017, petitioner filed a motion for reconsideration. (ECF No. 72). Petitioner appears to argue that this Court lacked subject matter jurisdiction over his federal habeas corpus petition. This argument was previously rejected as frivolous. Petitioner's motion for reconsideration is denied.

Several years ago, the federal habeas petition in this action was dismissed with prejudice. This Court has denied petitioner a certificate of appealability. The Ninth Circuit Court of Appeals also denied petitioner a certificate of appealability and dismissed his appeal. Petitioner was denied a petition for a writ of certiorari by the United States Supreme Court. Petitioner's repeated filing of

frivolous and duplicative post-judgment motions leads this Court to find that petitioner's actions are a malicious abuse of the writ process. The Court directs petitioner to file no further documents in this closed case. Any further documents filed by petitioner in this case shall be stricken and petitioner will be subject to the imposition of sanctions.

**IT IS THEREFORE ORDERED** that petitioner's "motion for leave and reconsideration" (ECF No. 47) and "motion for relief from order" (ECF No. 48) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for declaratory order (ECF No. 51) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's "motion to recall mandate of August 22, 2012" (ECF No. 53) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a protective order (ECF No. 55) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (ECF No. 57) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motions to strike documents (ECF Nos. 59, 62, & 64) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time (ECF No. 68) is **GRANTED**, *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion for matters to be put on calendar (ECF No. 63), motion to reopen his case and a request for calendaring (ECF No. 65), and second request to reopen (ECF No. 66) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to file his presentence report under seal (ECF No. 69) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (ECF No. 70) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (ECF No. 72) is **DENIED.**

///

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY** as to any issues raised in the motions denied herein.

**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed action.

**IT IS FURTHER ORDERED** that any further documents filed by petitioner in this action shall be stricken and petitioner will be subject to the imposition of sanctions.

DATED this 17th day of March, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE